| | |
|---|---|
| STATE OF MAINE<br>CUMBERLAND, SS | SUPERIOR COURT<br>Docket No. |

STEVEN PUNSKY of 35 Motley Street, )
City of Portland, CUMBERLAND )
COUNTY, MAINE, )
)
    Plaintiffs, )
)
v. )
)
CITY OF PORTLAND, )
Portland Police Department and ) **FIRST AMENDED COMPLAINT**
PTL KIMBERLY ANN DONNELL (814), )
SGT CHRISTOPHER DER (C12), ) **FEDERAL CIVIL RIGHTS 1983**
PTL DARREL GIBSON (8353), ) **OF THE CIVIL RIGHTS ACT OF 1964**
SGT JACOB TITCOMB (C6494), )
PTL JONATHAN JAMES CACKEE )
(2914), CHIEF VERN MALLOCH, )
All of City of Portland, CUMBERLAND )
COUNTY, MAINE )
)
    Defendant. )

## COMPLAINT AND JURY DEMAND

By this action, Plaintiff complains and seeks to recover of the Defendants, for, inter alia: 1) Excessive Force; 2) Assault; 3) Battery; 4) Intentional Infliction of Emotional Distress; 5) Negligent Infliction of Emotional Distress; 6) 5 M.R.S.A. 4682 Maine Civil Rights Act Violations; and 7) 42 USC 1983—Federal Civil Rights Act Violations.

### PARTIES, JURISDICTION, AND VENUE

1. This is a civil action under common law and various laws and statutes, including 42 U.S.C. 1983 and 5 M.R.S.A. 4682, seeking damages against Defendants for committing wrongful acts, under color of law, with the intent and for the purpose of injuring Plaintiff and depriving Plaintiff of rights secured under the Constitution and laws of the United States and the State of Maine.

REC'D CUMB CLERKS O
APR 19 '19 AM 11:11

2. Plaintiff Steven Punsky is a natural person and resident residing at 35 Motley Street, Portland, Maine.

3. Defendant, City of Portland, Maine, is a Maine municipality, located in Portland, Cumberland County, Maine. City of Portland is responsible for the acts and omissions of the Portland Maine Police Department.

4. Defendant Kimberly Ann Donnell is a natural person and a member of the Portland Police Department and citizen and resident of Cumberland County, Maine.

5. Upon information and belief, Defendant Christopher Dyer is a natural person and a member of the Portland Police Department and citizen and resident of Cumberland County, Maine.

6. Upon information and belief, Defendant Darrel Gibson is a natural person and a member of the Portland Police Department and citizen and resident of Cumberland County, Maine.

7. Upon information and belief, Defendant Jacob Titcomb is a natural person and a member of the Portland Police Department and citizen and resident of Cumberland County, Maine.

8. Upon information and belief, Defendant Jonathan James Cackee is a natural person and a member of the Portland Police Department and citizen and resident of Cumberland County, Maine.

9. Upon information and belief, Defendant Chief of Police or former Chief of Police Vern Malloch is a natural person and a member of the Portland Police Department and citizen and resident of Maine.

10. At all times relevant, Defendants acted jointly and severally, under color of law to deprive Plaintiffs of rights, privileges, and/or immunities secured by the Constitution and the laws of the United States and of Maine.

11. The Court is an appropriate venue for this dispute. The action complained of took place in this judicial district; evidence and witness relevant to the allegations are located in this judicial district; and all parties are located in this judicial district.

## STATEMENT OF FACTS

12. Plaintiff incorporates herein by this reference hereto each and every allegation and claim contained in the above paragraphs of this complaint as if fully set forth herein.

13. On the evening of December 30, 2017, Plaintiff sustained a head injury from falling on the floor of his home.

14. Refusing his wife's requests, Plaintiff refused to seek medical attention for injuries he sustained to his head.

15. Plaintiff's wife called the Portland Police Department.

16. The police arrived believing that domestic abuse had occurred.

17. Defendants Donnell, Dyer, Der, Gibson, Titcomb, and Cackee entered Plaintiff's home.

18. Defendants seized Plaintiff and brought him outside without footwear.

19. Plaintiff's feet were immediately exposed to below freezing temperatures.

20. Plaintiff requested footwear to protect his feet.

21. Plaintiff's feet swelled.

22. Defendants refused to provide footwear to Plaintiff's swollen feet.

23. Defendants refused to provide medical attention to Plaintiff's injured head.

24. Defendants belittled and berated Plaintiff, telling him that he was faking his injuries and not standing straight.

25. Defendants held a taser to Plaintiff's head and threatened Plaintiff.

26. Plaintiff, in custody, remained standing in below freezing temperatures without footwear until an additional police car arrived.

27. Defendants placed Plaintiff in a police car instead of calling an ambulance.

28. Defendants brought Plaintiff to jail, ignoring the increasing severity of Plaintiff's injuries.

29. The jail released Plaintiff to the hospital.

30. Plaintiff was hospitalized for injuries resulting from Defendants' treatment of Plaintiff.

31. Plaintiff continues to suffer from pain and disability due to his injuries.

### COUNT I—EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENT v. Defendants Donnell, Dyer, Der, Gibson, Titcomb, and Cackee

32. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

33. Plaintiff in this action is a citizen of the United States and all of the Defendant police officers to this claim are persons for purposes of 42 U.S.C. § 1983.

34. All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as Portland police officers and their acts or omissions were conducted within the scope of their official duties or employment.

35. At the time of the complained of events, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive or unreasonable force or treatment.

36. Plaintiff had the clearly established Constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive or unreasonable force or treatment by law enforcement.

37. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

38. Defendants' actions, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated Plaintiff's Fourth Amendment rights.

39. Defendants' actions, as described herein, were malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff's federally and state protected rights. The conduct employed used by these Defendant officers shocks the conscience and violated Plaintiff's Fourteenth Amendment and other federal and state rights.

40. Defendants unlawfully seized Plaintiff by means of objectively unreasonable, excessive and conscious shocking behavior, thereby unreasonably and improperly restraining Plaintiff. Defendant wrongfully denied Plaintiff appropriate medical treatment.

41. The conduct employed caused serious bodily injury.

42. None of the Defendant officers took reasonable steps to protect Plaintiff from the objectively unreasonable and conscience shocking excessive behavior of other Defendant officers or from the improper treatment of later responding officers despite being in a position to do so. They are each therefore liable for the injuries and damages resulting from the objectively unreasonable and conscience shocking behavior of each other officer.

43. Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally and state protected constitutional rights.

44. They did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

45. The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

46. These individual Defendants acted in concert and joint action with each other.

47. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional rights and caused him damages.

48. These individual Defendants are not entitled to qualified immunity for the complained of conduct.

49. Defendants to this claim at all times relevant hereto were acting pursuant to municipal custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

50. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

51. On information and belief, Plaintiff may suffer lost earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his foot and head injuries, in amounts to be ascertained in trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

52. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

## COUNT II—5 M.R.S.A. 4682 MAINE CIVIL RIGHTS ACT VIOLATION v. All Defendants

53. Plaintiffs incorporate herein by this reference hereto each and every allegation and claims contained in the above paragraphs of this complaint as if fully set forth herein.

54. The customs or policies of the City of Portland comprise the cause of and the moving force behind the constitutional violations chronicled in this Complaint.

55. At all relevant times, Defendant Malloch was acting as Chief of Police of the City of Portland Police Department.

56. At all relevant times, on information and belief, Defendant Malloch, as a policymaker for the City of Portland, adopted a custom or policy abdicating any appropriate level of supervision and/or discipline of Defendants Donnell, Dyer, Gibson, Titcomb, and Cackee.

57. At all relevant times, on information and belief, Defendant Malloch, as a policymaker for the City of Portland, adopted a custom or policy of permitting his officers to handle suspects with excessive, inappropriate, or unwarranted force or treatment.

58. This approach of unjustified, unwarranted, excessive force, and limitless discretion by his officers and officials amounts to an unconstitutional custom or policy.

59. It was or should have been eminently foreseeable to Defendant Malloch that allowing his officers and officials to treat citizens in the manner in which Plaintiff was treated would inevitably result in the injury to and violation of citizens' rights of Plaintiff.

60. Defendants are liable to Plaintiff in an amount to be determined together with punitive damages, attorney's fees and costs pursuant to 42 U.S.C. 1983, and such other and future relief as this Honorable Court deems just and proper.

## COUNT III – ASSAULT v. Defendants City of Portland, Donnell, Dyer, Gibson, Titcomb, and Cackee

61. Plaintiff incorporates herein by this reference hereto each and every allegation and claims contained in the above paragraphs of this complaint as if fully set forth herein.

62. Defendants Donnell, Dyer, Gibson, Titcomb, and Cackee recklessly and intentionally placed Plaintiff in reasonable apprehension of injury by surrounding his person, insulting him, threatening him with a taser and forcing him to stand barefoot in below freezing temperatures.

63. Plaintiff was placed in fear, injured and has sustained damages, including severe emotional distress and physical injuries as a consequence of Defendants' assaults.

64. The specifically named Defendants are liable to Plaintiff for assault and emotional distress, intentional and negligent, in an amount to be determined together with interests, costs, and punitive damages.

## COUNT IV—BATTERY v. Defendants City of Portland, Donnell, Dyer, Gibson, Titcomb, and Cackee

65. Plaintiff incorporates herein by this reference hereto each and every allegation and claims contained in the above paragraphs of this complaint as if fully set forth herein.

66. Defendants Donnell, Dyer, Gibson, Titcomb, and Cackee recklessly and intentionally caused offensive and harmful contact upon Plaintiff by, inter alia, handcuffing and forcing Plaintiff to stand in freezing temperatures without footwear or protections, and holding a taser to his head.

67. Defendants knew with substantial certainty that such offensive and harmful contact would occasion fear and injury.

68. Defendants' conduct and contact with Plaintiff caused extensive harm in the form of actual physical injury and severe emotional distress.

69. The specifically named Defendants are liable to Plaintiff for battery and emotional distress, intentional and negligent, in an amount to be determined together with interests, costs, and punitive damages.

## COUNT V—INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS v. All Defendants

70. Plaintiff incorporates herein by this reference hereto each and every allegation and claim contained in the above paragraphs of this complaint has if fully set forth herein.

71. Defendants, by their conduct, collectively and individually, intentionally or recklessly, inflicted severe emotional distress or their conduct was substantially certain to inflict severe emotional distress on Plaintiff.

72. Defendants' conduct, collectively and individually, was and is intended or calculated to improperly harm Plaintiffs and inflict severe emotional distress on Plaintiff.

73. Defendant intentionally, recklessly and/or wrongfully inflicted severe emotional distress on Plaintiffs when Defendants intentionally, improperly, continuously and repeatedly, and without regard of Plaintiff's request, forced him to stand barefoot outside in below freezing temperatures causing extensive physical injury.

74. Defendants intentionally, recklessly, and/or wrongfully inflicted severe emotional distress on Plaintiffs when Defendants, while acting under the color of law and authority as police officers, intentionally, improperly, continuously and repeatedly berated and insulted, and threatened with a taser, Plaintiff while he was handcuffed and standing barefoot outside in below freezing temperatures.

75. Defendants' conduct, collectively and individually, is extreme and/or outrageous, exceed the boundaries of decency and is atrocious, intolerable and unacceptable for a civilized community.

76. Defendants' conduct collectively and individually, caused and continues to cause severe emotional distress to Plaintiff, emotional distress so severe that no reasonable person should be expected to endure it.

77. It was or should have been foreseeable that the occurrence of emotional distress to Plaintiff would result from Defendants' conduct.

78. Defendants owed duties of care not to harm Plaintiffs and not to cause Plaintiff emotional distress.

79. Defendants' wrongful conduct is the direct and proximate cause of injury and damages to Plaintiffs. Plaintiff experienced and continues to experience physical manifestations of severe emotional distress, including anxiety, irritability, sleep disturbances, fear, headaches, nausea, gastrointestinal pain and problems, palpitations, changes in eating patterns, depression, worrying and mood swings.

80. Defendants are liable to Plaintiffs in an amount to be determined, together with past and future medical expenses, punitive damages, interests and costs.

### COUNT VI—NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS v. All Defendants

81. Plaintiffs incorporate herein by this reference hereto each and every allegation and claims contained in the above paragraphs of this complaint as if fully set forth herein.

82. Defendants owed duties, collectively and individually, not to harm Plaintiff. Defendants, by their improper conduct, collectively and individually, inflicted severe emotional distress on Plaintiff.

83. Defendants breached their duty to Plaintiff when they intentionally, improperly, continuously, and repeatedly, and without regard of Plaintiff's requests, forced him to stand barefoot outside in below freezing temperatures.

84. Defendant intentionally, recklessly, negligently, and/or wrongfully inflicted severe emotional distress on Plaintiff when Defendants continuously and repeatedly berated and insulted Plaintiff, while wrongfully detained and forced to stand barefoot outside in below freezing temperatures.

85. Defendants' conduct, collectively and individually, harmed Plaintiff and/or the harm to Plaintiff was a reasonably foreseeable consequence of Defendants' conduct.

86. Defendants, collectively and individually, negligently caused Plaintiff to experience and suffer emotional distress and/or emotional distress to Plaintiff was a foreseeable consequence of Defendants' conduct.

87. Plaintiff was severely, emotionally distressed and harmed by Defendants' actions.

88. The emotional distress caused to Plaintiff was and is severe and no reasonable person should be expected to endure it.

89. Defendants' wrongful conduct is the direct and proximate cause of injury and damage to Plaintiff. Plaintiff has experienced and continue to experience physical manifestations of severe emotional distress, including anxiety, irritability, sleep disturbances, fear, headaches, nausea, gastrointestinal pain and problems, palpitations, changes in eating patterns, depression, worrying and mood swings.

90. Defendants are liable to Plaintiff in an amount to be determined, together with past and future mental health treatment expenses, punitive damages, interest and costs.

**COUNT VII—42 U.S.C. 1983 SUPERVISORY VIOLATION v. All Defendants and Chief of Police Vern Malloch and Portland Police Department**

91. Plaintiffs incorporate herein by this reference hereto each and every allegation and claims contained in the above paragraphs of this complaint as if fully set forth herein.

92. Plaintiff notified Defendant Police Department and Defendant Malloch that Defendants Donnell, Dyer, Gibson, Titcomb, and Cackee were acting improperly and violating Plaintiff's Constitutional rights.

93. Plaintiff, specifically, notified Defendant Malloch and Defendant Police Department of the events that occurred on December 31, 2017.

94. Defendant Police Department and Defendant Malloch were aware of the harm Plaintiff faced from Defendants' actions.

95. Defendants Police Department and Malloch failed to protect the rights, liberty and property of Plaintiff.

96. Due to Defendants' actions, Plaintiff was wrongfully damaged and sustained physical injury.

97. Defendant Police Department and Defendant Malloch had a duty to intervene on behalf of Plaintiff when his Constitutional rights were being violated by Defendants.

98. Upon information and belief, Defendant Malloch took no steps to protect Plaintiffs' rights that were being violated by Defendants Donnell, Dyer, Gibson, Titcomb, and Cackee.

99. Upon information and belief, Defendant Malloch took no steps to protect Plaintiff's rights that were being violated by Defendants Donnell, Dyer, Gibson, Titcomb, and Cackee.

100. Upon information and belief, Defendant Malloch did not take reasonable steps to supervise or discipline Defendants Donnell, Dyer, Gibson, Titcomb, and Cackee or to minimize the risk of harm to Plaintiff.

101. Defendant Malloch's conduct or inaction in supervising and/or disciplining Defendants Donnell, Dyer, Gibson, Titcomb, and Cackee amounts to either deliberate, reckless or callous indifference to the constitutional rights of others, including Plaintiff.

102. On information and belief, Defendant Malloch failed to promulgate appropriate policies with regard to excessive force, safety, and dignity of the populace.

103. An affirmative link exists between the constitutional violations perpetrated by Defendants Donnell, Dyer, Gibson, Titcomb, and Cackee and Defendant Malloch failure to properly supervise and/or discipline and/or intervene.

104. Defendant Malloch actions displayed a reckless or callous disregard of, or indifference to, the rights of Plaintiff.

105. Defendants are liable to Plaintiff in an amount to be determined, together with punitive damages, attorney's fees and costs pursuant to 42 U.S.C. 1983, and such other and future relief as this Honorable Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Steven Punsky respectfully requests relief against each and every Defendant, jointly and severally, as follows:

1) With respect to Count I, that the Court enter judgment for Plaintiffs in an amount to be determined, together with interest, costs and attorney's fees;

2) With respect to Count II, that the Court enter judgment for Plaintiffs in an amount to be determined, together with interest, costs, and attorneys' fees;

3) With respect to Count III, that the Court enter judgment for Plaintiffs in an amount to be determined, together with interests, costs, and attorneys' fees;

4) With respect to Count IV, that the Court enter judgment for Plaintiffs in an amount to be determined, together with interests, costs, and attorneys' fees.

5) With respect to Count V, that the Court enter judgment for Plaintiffs in an amount to be determined, together with interests, costs and attorneys' fees;

6) With respect to Count VI, that the Court enter judgment for Plaintiffs in an amount to be determined, together with interests, costs, and attorneys' fees;

7) With respect to Count VII, that the Court enter judgment for Plaintiffs in an amount to be determined, together with interests, costs, and attorneys' fees;

8) For costs of suit; and interest;

9) For reasonable attorneys' fees pursuant to 42 U.S.C. 1988; and

10) Any such further legal and equitable relief as the Court may deem just and proper.

**PLAINTIFF REQUESTS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

DATED at South Portland, Maine, this 4/12/2019

Respectfully Submitted,

Jeffrey Bennett, Esq. #7223
Martin Tartre, Esq. #5899

Legal-Ease, LLC, P.A.
198 Maine Mall Rd. (Box 15)
South Portland, ME 04106
207-805-0055