UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| STEVEN PUNSKY,<br><br>          Plaintiff,<br><br>     vs.<br><br>CITY OF PORTLAND, PTL KIMBERLY ANN DONNELL, SGT CHRISTOPHER DER, PTL DARREL GIBSON, SGT JACOB TITCOMB, PTL JONATHAN JAMES CACKEE, and CHIEF VERN MALLOCH,<br><br>          Defendants | Civil No. 19-00235-NT |

**ANSWER, AFFIRMATIVE DEFENSES AND JURY TRIAL DEMAND (DEFENDANTS DARREL GIBSON, JACOB TITCOMB, CHRISTOPHER DYER, AND VERN MALLOCH)**

Defendants Darrel Gibson, Jacob Titcomb, Christopher Dyer, and Vern Malloch, by and through counsel, hereby respond to the Plaintiff's First Amended Complaint as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.      The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's First Amended Complaint and, accordingly, deny same.

2.      The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's First Amended Complaint and, accordingly, deny same.

3.      The Defendants admit that the City of Portland is a Maine municipality. The remaining allegations contained in this paragraph of the Plaintiff's First Amended Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining

allegations contained in this paragraph of Plaintiff's First Amended Complaint and, accordingly, deny same.

4.     The Defendants admit Kimberly Ann Donnell is a person. The Defendants deny the remaining allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

5.     The Defendants admit the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

6.     The Defendants admit the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

7.     The Defendants admit the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

8.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

9.     The Defendants admit the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

10.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

11.     The allegations contained in this paragraph of the Plaintiff's First Amended Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's First Amended Complaint and, accordingly, deny same.

## STATEMENT OF FACTS

12.     The Defendants repeat their responses to the preceding paragraphs of Plaintiff's First Amended Complaint.

13.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's First Amended Complaint and, accordingly, deny same.

14.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's First Amended Complaint and, accordingly, deny same.

15.     The Defendants admit the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

16.     The Defendants admit that police officers arrived. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's First Amended Complaint and, accordingly, deny same.

17.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's First Amended Complaint and, accordingly, deny same.

18.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

19.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's First Amended Complaint and, accordingly, deny same.

20.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

21.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's First Amended Complaint and, accordingly, deny same.

22.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

23.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

24.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

25.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

26.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's First Amended Complaint and, accordingly, deny same.

27.     The Defendants admit the Plaintiff was transported in a police vehicle and not in an ambulance. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's First Amended Complaint and, accordingly, deny same.

28.     The Defendants admit the Plaintiff was transported to jail after being cleared medically at the hospital. The Defendants deny the remaining allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

29.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's First Amended Complaint and, accordingly, deny same.

30.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's First Amended Complaint and, accordingly, deny same.

31.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's First Amended Complaint and, accordingly, deny same.

## COUNT I – EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENT v. Defendants Donnell, Dyer, Der, Gibson, Titcomb, and Cackee

32.     The Defendants repeat their responses to the preceding paragraphs of Plaintiff's First Amended Complaint.

33.     The allegations contained in this paragraph of the Plaintiff's First Amended Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's First Amended Complaint and, accordingly, deny same.

34.     The allegations contained in this paragraph of the Plaintiff's First Amended Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's First Amended Complaint and, accordingly, deny same.

35.     The allegations contained in this paragraph of the Plaintiff's First Amended Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's First Amended Complaint and, accordingly, deny same.

36.     The allegations contained in this paragraph of the Plaintiff's First Amended Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of

the allegations contained in this paragraph of Plaintiff's First Amended Complaint and, accordingly, deny same.

37.     The allegations contained in this paragraph of the Plaintiff's First Amended Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's First Amended Complaint and, accordingly, deny same.

38.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

39.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

40.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

41.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's First Amended Complaint and, accordingly, deny same.

42.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

43.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

44.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

45.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

46.     The allegations contained in this paragraph of the Plaintiff's First Amended Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's First Amended Complaint and, accordingly, deny same.

47.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

48.     The allegations contained in this paragraph of the Plaintiff's First Amended Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's First Amended Complaint and, accordingly, deny same.

49.     The allegations contained in this paragraph of the Plaintiff's First Amended Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's First Amended Complaint and, accordingly, deny same.

50.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

51.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's First Amended Complaint and, accordingly, deny same.

52.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

## COUNT II – 5 M.R.S.A. 4682 MAINE CIVIL RIGHTS ACT VIOLATION v. All Defendants

53.     The Defendants repeat their responses to the preceding paragraphs of Plaintiff's First Amended Complaint.

54.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

55.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

56.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

57.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

58.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

59.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

60.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

## COUNT III – ASSAULT v. Defendants City of Portland, Donnell, Dyer, Gibson, Titcomb, and Cackee

61.     The Defendants repeat their responses to the preceding paragraphs of Plaintiff's First Amended Complaint.

62.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

63.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

Case 2:19-cv-00235-NT   Document 4   Filed 05/29/19   Page 9 of 16   PageID #: 63
Case 2:19-cv-00235-NT   Document 4   Filed 05/29/19   Page 9 of 16   PageID #: 63

64.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

## COUNT IV – BATTERY v. Defendants City of Portland, Donnell, Dyer, Gibson, Titcomb, and Cackee

65.     The Defendants repeat their responses to the preceding paragraphs of Plaintiff's First Amended Complaint.

66.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

67.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

68.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

69.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

## COUNT V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS v. All Defendants

70.     The Defendants repeat their responses to the preceding paragraphs of Plaintiff's First Amended Complaint.

71.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

72.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

73.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

74.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

Answer, Affirmative Defenses and Jury Trial Demand (Defendants Darrel Gibson, Jacob Titcomb, Christopher Dyer, and Vern Malloch)
Page 9 of 16

75.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

76.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

77.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

78.     The allegations contained in this paragraph of the Plaintiff's First Amended Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's First Amended Complaint and, accordingly, deny same.

79.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

80.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

## COUNT VI – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS v. All Defendants

81.     The Defendants repeat their responses to the preceding paragraphs of Plaintiff's First Amended Complaint.

82.     The allegations contained in this paragraph of the Plaintiff's First Amended Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's First Amended Complaint and, accordingly, deny same.

Answer, Affirmative Defenses and Jury Trial Demand (Defendants Darrel Gibson, Jacob Titcomb, Christopher Dyer, and Vern Malloch)
Page 10 of 16

83.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

84.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

85.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

86.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

87.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's First Amended Complaint and, accordingly, deny same.

88.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

89.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

90.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

### COUNT VII – 42 U.S.C. 1983 SUPERVISORY VIOLATION v. All Defendants and Police Vern Malloch and Portland Police Department

91.     The Defendants repeat their responses to the preceding paragraphs of Plaintiff's First Amended Complaint.

92.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's First Amended Complaint and, accordingly, deny same.

93.      The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's First Amended Complaint and, accordingly, deny same.

94.      The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's First Amended Complaint and, accordingly, deny same.

95.      The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

96.      The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

97.      The allegations contained in this paragraph of the Plaintiff's First Amended Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's First Amended Complaint and, accordingly, deny same.

98.      The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's First Amended Complaint and, accordingly, deny same.

99.      The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's First Amended Complaint and, accordingly, deny same.

100.      The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

101.      The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

102.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

103.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

104.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

105.     The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

## **AFFIRMATIVE DEFENSES**

1.     The Defendants have at all times acted in good faith and without knowledge that their conduct violated any clearly established constitutional or statutory rights of the Plaintiff.

2.     The Defendants' conduct did not violate any clearly established constitutional or statutory rights of the Plaintiff.

3.     No reasonable person would have known that the Defendants' conduct violated any clearly established constitutional or statutory rights of the Plaintiff.

4.     To the extent that the Plaintiff endeavors to make a state claim grounded in tort, the Defendants reserve the right to demonstrate that the claim is barred by Plaintiff's failure to comply with the notice provisions of the Maine Tort Claims Act, 14 M.R.S.A. § 8107.

5.     To the extent that the Plaintiff endeavors to make a state claim grounded in tort, the claim is barred by immunity provisions provided to the Defendants by the Maine Tort Claims Act, including but not limited to 14 M.R.S.A. § 8103, 8104-B, and 8111(1)(C), (D) and (E).

6.     The Plaintiff's recoverable damages for tort claims are capped by the provisions of the Maine Tort Claims Act.

7.      To the extent that the Plaintiff's First Amended Complaint seeks to impose liability on the Defendants in their representative capacity, the Complaint fails to state a claim upon which relief may be granted.

8.      The Plaintiff's own conduct was the sole or a contributing cause of his injuries.

9.      The Plaintiff's First Amended Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

10.     The Plaintiff's claims are barred for the reason that the Defendants are not liable under a theory of *respondeat superior* for the actions of their agents.

11.     The Plaintiff's claims against the City are barred for the reason that the Plaintiff cannot demonstrate a custom or policy of the City that was the moving force behind any constitutional violations.

12.     The Plaintiff's claims are barred for the reason that the Defendants' actions do not constitute deliberate indifference or conduct which is shocking to the conscience.

13.     The Plaintiff's claims are barred for the reason that the allegations in the Complaint allege simple negligence and the conduct complained of is not the type contemplated under 42 U.S.C. § 1983.

14.     The Plaintiff's claims are barred, in whole or in part, by the doctrine of immunity.

15.     The Plaintiff's claims are barred, in whole or in part, by the doctrine of qualified immunity.

16.     The Plaintiff's claims are barred, in whole or in part, by the doctrine of privilege.

17.     To the extent that the Plaintiff seeks injunctive or declaratory relief, the Plaintiff has no standing.

18.     The Plaintiff has adequate remedies under State law, and therefore no action lies under 42 U.S.C. §1983 in the Maine Constitution or the United States Constitution.

19.     The Defendants reserve the right to demonstrate that the Plaintiff has failed to mitigate damages.

20.     To the extent the Plaintiff's alleged injuries result from conditions that pre-existed the events alleged in the Complaint, the Defendants cannot be held liable for the alleged damages associated with those alleged injuries.

## JURY DEMAND

Pursuant to Local Rule 38 and Federal Rule of Civil Procedure 38(b), the Defendants request a trial by jury on all claims and issues properly tried to a jury.

WHEREFORE, Defendants Darrel Gibson, Jacob Titcomb, Christopher Dyer, and Vern Malloch demand judgment in their favor with regard to all claims of the Plaintiff's First Amended Complaint, including an award of costs and attorneys' fees, if appropriate, and such other relief as the Court deems just.

Dated at Portland, Maine this 29th day of May, 2019.

> Attorneys for Defendants Darrel Gibson,
> Jacob Titcomb, Christopher Dyer, and
> Vern Malloch
> MONAGHAN LEAHY, LLP
> 95 Exchange Street, P.O. Box 7046
> Portland, ME 04112-7046
> (207) 774-3906
>
> BY:    /s/ John J. Wall, III
> John J. Wall, III

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2019, I electronically filed **Answer, Affirmative Defenses and Jury Trial Demand (Defendants Darrel Gibson, Jacob Titcomb, Christopher Dyer, and Vern Malloch)** using the CM/ECF system, which will provide notice to me and all other counsel of record.

Dated at Portland, Maine this 29th day of May, 2019.

> Attorneys for Defendants Darrel Gibson,
> Jacob Titcomb, Christopher Dyer, and
> Vern Malloch
> MONAGHAN LEAHY, LLP
> 95 Exchange Street, P.O. Box 7046
> Portland, ME 04112-7046
> (207) 774-3906

> BY:      /s/ John J. Wall, III
> John J. Wall, III