UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| STEVEN PUNSKY, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00235-NT |
| | ) | |
| CITY OF PORTLAND et al., | ) | |
| | ) | |
| Defendants | ) | |

**MEMORANDUM DECISION AND ORDER ON MOTION TO AMEND**

In this civil rights action arising from his arrest in December 2017, the plaintiff seeks leave to file a third amended complaint in order to narrow the facts, add an additional count, and join two new defendants. *See generally* Plaintiff's Motion for Leave to File Third Amended Complaint ("Motion") (ECF No. 27); [Plaintiff's Proposed] Third Amended Complaint ("Proposed Amended Complaint") (ECF No. 27-1), attached thereto. Because the plaintiff has not met his burden of demonstrating good cause for allowing such significant amendments at this stage in the case, I deny the motion.

**I. Applicable Legal Standards**

"A motion to amend a complaint will be treated differently depending on its timing and the context in which it is filed." *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 11-12 (1st Cir. 2004). A plaintiff has the right to amend his complaint once before the defendant files a responsive pleading; thereafter, he must seek the court's permission or the defendant's consent. *See id.*; Fed. R. Civ. P. 15(a). When leave of court is called for, the court "should freely give leave when justice so requires[,]" Fed. R. Civ. P. 15(a)(2), unless the amendment would be futile, "or reward, *inter alia*, undue or intended delay," *Resolution Trust Corp. v. Gold*, 30 F.3d 251, 253 (1st Cir. 1994).

1

Once a scheduling order is established and the cut-off date for amendments has passed, however, "the liberal default rule is replaced by the more demanding good cause standard of Fed. R. Civ. P. 16(b)." *Steir*, 383 F.3d at 12 (citation and internal quotation marks omitted). "This standard focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." *Id.* Rule 16(b)'s heightened good cause standard is designed to ensure that the pleadings become fixed at some point and that litigants do not "treat a scheduling order as a frivolous piece of paper" that "can be cavalierly disregarded without peril." *O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 154-55 (1st Cir. 2004).

Here, the plaintiff filed the instant motion on August 19, 2020, *see* Motion at 1, more than nine months after the expiration of the parties' November 14, 2019, deadline for amendment of pleadings and joinder of parties, *see* Scheduling Order (ECF No. 12) at 2. Accordingly, the good cause standard applies.

The defendants point out that the plaintiff incorrectly invokes the liberal default rule in his motion. *See* Defendants' Opposition to Plaintiff's Motion for Leave to File Third Amended Complaint ("Opposition") (ECF No. 28) at 3-5; Motion at 3. They argue that the plaintiff's reliance on the wrong standard is reason enough to deny his motion. *See* Opposition at 4-5. Because the plaintiff contends that he acted diligently and meets the good cause standard in his reply to the defendants' opposition, I decline to deny his motion on this basis and will instead analyze it pursuant to the correct standard. *See* Plaintiff's Reply in Support of Motion for Leave to File Third Amended Complaint ("Reply") (ECF No. 31) at 1, 6-7; *cf. O'Connell*, 357 F.3d at 153-55 (noting that the plaintiffs had incorrectly "pinned their hopes" on the liberal default rule after the deadline for amendment had expired but nevertheless analyzing their motion to amend pursuant to the correct good cause standard).

## II. Factual Background

The operative complaint alleges the following facts. On December 30, 2017, the plaintiff fell and injured his head at his home in Portland. *See* [Plaintiff's] Second Amended Complaint ("Operative Complaint") (ECF No. 7) ¶¶ 2, 13. After he refused his wife's request to seek medical attention, she called the Portland Police Department. *Id.* ¶¶ 14-15. Police officers arrived believing that the plaintiff had committed domestic violence; they seized him and brought him outside without footwear. *Id.* ¶¶ 16-18. The plaintiff's bare feet swelled in the below-freezing temperature, but the officers refused to provide him footwear or medical attention for his injured head. *Id.* ¶¶ 19-23. The plaintiff remained barefoot outside while the officers berated him and held a taser to his head. *Id.* ¶¶ 25-26. Eventually he was placed in a police car and taken to jail. *Id.* ¶¶ 27-28. The jail released the plaintiff to a hospital, where he received treatment for his injuries resulting from the officers' maltreatment. *Id.* ¶¶ 29-30. He continues to suffer pain and disability stemming from the injuries. *Id.* ¶ 31.

In March 2019, the plaintiff filed a complaint in state court against the City of Portland, its chief of police, and several police officers, seeking relief for alleged torts and violations of his constitutional rights. *See* [Plaintiff's] Complaint (ECF No. 3-3), attached to affidavit of John J. Wall, Esq. (ECF No. 3). He amended his complaint in April 2019 to substitute the name of the chief of police. *See* [Plaintiff's] First Amended Complaint (ECF No. 3-4), attached to affidavit of John J. Wall, Esq. (ECF No. 3). The defendants removed the case to this court in May 2019. *See* Notice of Removal (ECF No. 1) at 1. With the defendants' consent, the plaintiff amended his complaint a second time in June 2019 to correct the spelling of two of the defendants' names. *See* Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 5) at 1-2; Order

Granting Without Objection [Plaintiff's] Motion for Leave to File Second Amended Complaint (ECF No. 6); Operative Complaint at 1-2.

### III.  Discussion

The plaintiff now seeks leave to file a third amended complaint "to narrow the facts, add a Count of Negligence and Professional Negligence and add as defendants two individuals [whose] roles were previously unknown, Lt. Kevin Cashman of the Portland Police Department and Christopher Boynton, the attending first responder from the Portland Fire Department." Motion at 2.  Specifically, the plaintiff contends that he only learned that Cashman was the arresting officer during Cashman's August 4, 2020, deposition and that prior to that he had believed – based on the documentary evidence produced by the defendants – that the arresting officer was defendant Jonathan Lackee.  *See id.*  Similarly, the plaintiff avers that he learned that Boynton evaluated him on the night of his arrest for the first time during discovery and that he discovered that Boynton's "evaluation was inadequate and negligent" during Boynton's August 10, 2020, deposition.  *See id.* at 2-3.

The plaintiff offers no further details regarding the other amendments he seeks to make, but asserts that all of the changes are "based on recent information learned during" depositions in August 2020 and that he would have sought leave to amend sooner except that the "depositions were postponed and continued for an extended period of time at the request of the Defendants." *Id.* at 3.   He argues that there would be no prejudice to the defendants in granting him leave to amend because they were already aware of the information on which the amendments are based. *See id.* at 2-3.

The defendants argue that the plaintiff has failed to demonstrate good cause for the amendments he seeks to make.  *See* Opposition at 5-7.  They contend that he was not diligent in

4

seeking to add Cashman and Boynton as parties, attesting that on November 1, 2019 – two weeks before the deadline to amend pleadings and join parties – they provided the plaintiff with documentary evidence that showed:

> one, that Lt. Cashman was on site for the events involving the Plaintiff and his arrest; two, that Lt. Cashman was among the officers who convinced the Plaintiff to step outside; three, that Lt. Cashman advised the Plaintiff that he was under arrest; and four, that Mr. Boynton attempted to examine the Plaintiff at the Plaintiff's home on the evening of the arrest.

Opposition at 5; *see also* Affidavit of John J. Wall, III[, Esq.] ("Wall Affidavit") (ECF No. 28-1) at 1-2; Exhs. A-B (ECF Nos. 28-2 to 28-3) to Wall Affidavit. They also point out that the plaintiff "offers no explanation" for the other amendments he seeks to make and that his proposed amended complaint makes at least one substantial change that is not even addressed in his motion. *See* Opposition at 7-9.

In his reply, the plaintiff does not contest that he had information about Cashman and Boynton before the deadline for amendments but does briefly point out a discrepancy in the records produced by the defendants that left him unsure whether Cashman was the arresting officer and suggest that this discrepancy made taking Cashman and Boynton's depositions "proper and necessary" prior to seeking to add them as parties. Reply at 6. Otherwise, his reply consists mostly of an exhaustive recitation of the discovery timeline, which, he argues, shows good cause for allowing his amendments and contradicts the defendants' attack on his diligence. *See* Reply at 1-7. To support his recitation, the plaintiff provides an affidavit from his counsel along with 30 exhibits that mostly consist of emails between his counsel and the defendants' counsel. *See* Affidavit of Jeffrey Bennett[, Esq.] ("Bennett Affidavit") (ECF No. 31-1); Exhs. 1-30 (ECF Nos. 31-2 to 31-31) to Bennett Affidavit. The plaintiff asserts that the written communications between

counsel demonstrate that he acted diligently in trying to schedule the depositions and that, apart from COVID-19 related delays, all delays were the fault of the defendants.[1]  *See* Reply at 6-7.

Despite the plaintiff's focus on the issue, there is little reason for me to weigh which side was more responsible for the delay in scheduling the depositions.  The written communications submitted by the plaintiff show counsel for the parties interacting in a professional and courteous manner while attempting to find mutually convenient dates and dealing with complications arising from the COVID-19 pandemic.  *See generally* Exhs. 1-30 (ECF Nos. 31-2 to 31-31) to Bennett Affidavit.  To be clear, I do not fault the plaintiff for the delay in scheduling the depositions, but the fact that the delay occurred does not, by itself, demonstrate good cause for the late amendments he now seeks to make, particularly when – according to his own timeline – he did not seek to schedule the depositions until after the deadline for amendment of pleadings and joinder of parties had passed.  *See* Reply at 2; Bennett Affidavit at 3.

As discussed, the primary focus of the good cause standard is the moving party's diligence in trying to abide by the deadlines established in the scheduling order.  Relevant to that analysis is what "the plaintiff knew or should have known" and what he "did or should have done[.]"  *Steir*, 383 F.3d at 14 (citation and internal quotation marks omitted).  Here, the defendants have shown that, prior to the deadline for amendment of pleadings and joinder of parties, the plaintiff knew – or at least should have known – that Cashman and Boynton each played a significant role on the night of his arrest.  *See* Opposition at 5; *see also* Wall Affidavit at 1-2; Exhs. A-B (ECF Nos. 28-2 to 28-3) to Wall Affidavit.  This contradicts the plaintiff's suggestion that Cashman's and

---

[1] In his recitation, the plaintiff avers that the defendants made supplemental disclosures after the deadline to amend but does not attach any particular significance to these supplemental disclosures.  *See* Reply at 3-4.  To the extent that the plaintiff is making an implicit argument that the supplemental disclosures contributed to his delay in seeking to amend his complaint, I conclude that the argument is waived for inadequate briefing.  *See United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

Boynton's roles were unknown to him prior to their depositions and undermines his argument that it was necessary and proper to wait for those depositions to occur before seeking to add them as parties.  *See* Motion at 2; Reply at 6; *cf. C&M Prop. Mgmt. LLC v. Moark LLC*, No. 2:15-cv-00336-GZS, 2016 WL 7480271, at *1-3 (D. Me. Dec. 29, 2016) (denying an untimely motion to amend where the plaintiff blamed the more than three-month delay on the need to confirm already known facts at a deposition); *United States v. Kimball*, No. 2:14-cv-00521-DBH, 2016 WL 5416462, at *4 (D. Me. Sept. 28, 2016) (concluding that a plaintiff's failure to discover information available to it before the deadline for amending pleadings did not constitute good cause for a late motion to amend).  Notably, the plaintiff does not explain how he was able to identify Cashman and Boynton as proper deponents but not as proper defendants.  *See Cady v. Cumberland Cty. Jail*, No. 2:10-cv-00512-NT, 2012 WL 3887106, at *2 (D. Me. Sept. 7, 2012).

Moreover, the plaintiff fails to explain why the information he obtained at Cashman's and Boynton's depositions was essential to the claims he now seeks to bring against them.  He contends that he was unsure prior to Cashman's deposition whether Cashman was the arresting officer but fails to explain how Cashman's status as the arresting officer illuminated his potential liability.  *See* Motion at 2; Reply at 6.  This lack of explanation is particularly problematic given that he asserts claims against officers who have not been identified as arresting officers in both the operative complaint and his proposed amended complaint.  *See* Operative Complaint at 2; Proposed Amended Complaint at 2.  Thus, without more, the fact that the plaintiff lacked definitive information about Cashman being the arresting officer does not establish good cause for joining Cashman at this stage in the case.

The plaintiff asserts that he learned that Boynton's medical evaluation of him was "inadequate and negligent" during Boynton's deposition, Motion at 2-3, but such a vague and

7

conclusory assertion is not enough to demonstrate good cause for joining Boynton as a party. He does not explain why he could not have ascertained Boynton's potential liability prior to the deposition, when he had access to a report detailing Boynton's evaluation and the bulk of his case is premised on allegations of inadequate medical attention.[2]

Even assuming *arguendo* that the plaintiff required more information than was available to him in the defendants' document production before deciding whether to join Cashman and Boynton as parties, I am persuaded that he had at least enough information before the deadline for amendment of pleadings and joinder of parties to recognize the strong possibility that they might fit into his theory of the case and move for an extension of the deadline before it expired. That he did not do so underscores his lack of diligence in seeking to add Cashman and Boynton as parties.

Finally, and significantly, the plaintiff also fails to adequately explain or justify his other proposed amendments, including numerous alterations to his factual allegations and the addition of a negligence claim against all the defendants. Indeed, the plaintiff provides no basis for these amendments apart from the bald assertion that they stem from "recent information learned during" the August 2020 depositions. Motion at 3; *see generally* Proposed Amended Complaint. Additionally, his proposed amended complaint includes a new count that his motion does not even mention; namely, he replaces an excessive force claim with a "breach of special relationship doctrine" claim. *Compare* Operative Complaint at 1, 4 *with* Proposed Amended Complaint at 1, 4. Even after the defendants pointed out these substantial unexplained changes in their opposition, the plaintiff did not address them in his reply. That sort of indifference by the plaintiff as "the moving party seals off [Rule 16(b)(4)'s] avenue of relief irrespective of prejudice because such

---

[2] Because the plaintiff has not shown good cause for joining Boynton as a party, I need not address the defendants' argument that doing so would prejudice them. *See* Opposition at 6-7 & n. 4.

conduct is incompatible with the showing of diligence necessary to establish good cause."

*O'Connell*, 357 F.3d at 155 (alteration, citation, and internal quotation marks omitted).

## IV. Conclusion

Because the plaintiff has failed to demonstrate good cause for his tardiness in seeking leave to amend, the Motion is **DENIED**.

## *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 9th day of December, 2020.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge