UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| STEVEN PUNSKY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket No. 2:19-cv-00235-NT |
| | ) |
| CITY OF PORTLAND, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON PLAINTIFF'S SECOND MOTION FOR LEAVE TO AMEND**

Before me is the Plaintiff's motion for leave to file a Third Amended Complaint (the "**2021 Mot. to Amend**") (ECF No. 43). For the reasons stated below, the motion is **DENIED**.

## BACKGROUND

On March 27, 2019, the Plaintiff, Steven Punsky, filed this case in the Cumberland County Superior Court. Compl. (ECF No. 3-3). Two weeks later, the Plaintiff filed an Amended Complaint, First Am. Compl. (ECF No. 3-4), after which the Defendants removed the case to this Court, Notice of Removal (ECF No. 1). After the Defendants filed their Answer (ECF No. 4), the Plaintiff moved (without opposition) for leave to amend, Pl.'s Mot. for Leave to File Second Am. Compl. (ECF No. 5), which the Magistrate Judge allowed, Order (ECF No. 6). The Second Amended Complaint ("**SAC**") pleaded seven counts, including an excessive force claim as Count I. SAC 4–13 (ECF No. 7). Count I was entitled "Excessive Force in Violation of the Fourth and Fourteenth Amendment," SAC 4 (capitalization removed), and, as a part

of Count I, the Plaintiff pleaded that he "had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive or unreasonable force or treatment." SAC ¶ 35.

On August 19, 2020, the Plaintiff sought to amend his Complaint for a third time, purportedly to "narrow the facts," to add one count, and to add two parties. Pl.'s Mot. for Leave to File Third Am. Compl. (the "**2020 Mot. to Amend**") 1 (ECF No. 27). In addition to these stated purposes, the Plaintiff also sought to include mention of the "Special Relationship Doctrine" in his Complaint for the first time and to rename Count I as a "Breach of Special Relationship Doctrine in Violation of the Fourth and Fourteenth Amendment." Proposed Third Am. Compl. ("**2020 PTAC**") 4 (capitalization removed). The Plaintiff also sought to replace the mention of his right to be free from "excessive or unreasonable force" with a new framing of the constitutional right underlying Count I: "[A] clearly established constitutional right to be detained secure and safe in his person from third parties, himself and the weather elements." 2020 PTAC ¶ 29.

The Magistrate Judge denied the 2020 Motion to Amend, finding that "the plaintiff ha[d] not met his burden of demonstrating good cause for allowing such significant amendments at this stage in the case." Order (ECF No. 34) 1. In particular, the Magistrate Judge observed that the 2020 PTAC "include[d] a new count that [the Plaintiff's] motion [did] not even mention; namely, he [sought to] replace[ ] an excessive force claim with a 'breach of special relationship doctrine' claim." Order 8. The Magistrate Judge further observed that the Plaintiff omitted

2

mention of this change from his briefing, failing to address it in reply even after the Defendants raised the issue in their response to the motion. Order 8. And the Magistrate Judge concluded that "[t]hat sort of indifference by the plaintiff" suggested a lack of good cause. Order 8–9. The Magistrate Judge notified the parties of the fourteen-day objection deadline outlined by Federal Rule of Civil Procedure 72(a), and no party filed an objection.

Now before me is another motion by the Plaintiff for leave to amend, filed over two months after the Magistrate Judge's denial of the 2020 Motion to Amend. 2021 Mot. to Amend (ECF No. 43). The Plaintiff contends that he no longer seeks to add any new parties or claims and insists that he only wants to do three things: (1) dismiss one defendant (Christopher Dyer), (2) withdraw Counts III through VI, and, as with his prior motion, (3) "to simplify and narrow the facts . . . to avoid costly Summary Judgment proceedings." 2021 Mot. to Amend 1.

## LEGAL STANDARD

As the parties agree, amendment is only permissible if the Plaintiff establishes "good cause." *See United States ex rel. D'Agostino v. EV3, Inc.*, 802 F.3d 188, 192 (1st Cir. 2015) ("[W]hen a litigant seeks leave to amend after the expiration of a deadline set in a scheduling order, Rule 16(b)'s more stringent good cause standard supplants Rule 15(a)'s leave freely given standard."). In evaluating whether there exists good cause, I look at both the conduct of the moving party and any prejudice to the nonmovant, but the most important factor at play is the moving party's diligence (or lack thereof). *Miceli v. JetBlue Airways Corp.*, 914 F.3d 73, 86 (1st Cir. 2019). Courts

3

do not "look kindly upon a plaintiff who seeks belatedly to amend [his] complaint based on 'information that [he] had or should have had from the outset of the case.'" *Id.* (quoting *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 327 (1st Cir. 2008)).

## DISCUSSION

I appreciate that the Plaintiff seeks to simplify this case and to avoid litigating issues on summary judgment that are no longer contested. And were the Plaintiff seeking leave to amend only for the purposes of dismissing Mr. Dyer and Counts III through VI, it appears that the Defendants would have no objection. *See* Defs.' Opp'n to 2021 Mot. to Amend 1 (ECF No. 44).[1] However, the Plaintiff's motives are not as benign as he makes them out to be. As with the 2020 Motion to Amend, the Plaintiff again seeks to introduce his "special relationship doctrine" theory—unmentioned in the SAC—and he again attempts to rename and recharacterize Count I. Proposed Third Am. Compl. ("**2021 PTAC**") 3 (ECF No. 43-2).

The Plaintiff insists that he aims to do no such thing. Pl.'s Reply in Supp. of 2021 Mot. to Amend ("**Pl.'s Reply**") 2 (ECF No. 45). But this is belied by the proposed changes to Count I. As with the 2020 Motion to Amend, the Plaintiff again seeks to replace his reference to his right to be free from excessive force with a reference to his "right to be detained secure and safe in his person from dangerous and extreme

---

[1] The Defendants do not mention the dismissal of Mr. Dyer from the case, but I assume that was merely an oversight.

4

weather elements and from himself." 2021 PTAC ¶ 24. This attempted sleight of hand is troubling.

The Plaintiff implies that this proposed change is immaterial, that "there is no pleading distinction between a so called 'excessive force' claim and a so called 'special relationship' claim." Pl.'s Reply 2. I doubt that this is true. *Compare Waldron v. Spicher*, 954 F.3d 1297, 1306 (11th Cir. 2020) (explaining that the special relationship doctrine arises in the context of a substantive due process claim), *and J.R. v. Gloria*, 593 F.3d 73, 79 (1st Cir. 2010) (discussing a state-created "special relationship" in the context of a substantive due process claim), *with Lachance v. Town of Charlton*, 990 F.3d 14, 20 (1st Cir. 2021) ("Because 'excessive force claims are founded on the Fourth Amendment right to be free from unreasonable seizures of the person,' such 'claims are governed by the Fourth Amendment's reasonableness standard.' " (quoting *O'Brien v. Town of Bellingham*, 943 F.3d 514, 530 (1st Cir. 2019)). But even assuming that it is, then this is much ado about nothing. If the attempted change is pure semantics, then the Plaintiff should be able to proceed on his special relationship theory regardless of whether amendment is allowed. If this *is* a material change, then I do not see how the Plaintiff's motion can be understood as anything more than an effort to circumvent the Magistrate Judge's prior order after failing to file an objection to that order within the fourteen-day deadline.

In either case, I cannot find that good cause exists. The Plaintiff acknowledges that he has been intending to pursue his special relationship doctrine theory since at least November 2019. Aff. of Jeffrey Bennett ¶¶ 2–3 (ECF No. 43-1). As a result,

whether it effects a material change or not, I do not see how the Plaintiff can establish good cause to insert explicit mention of this theory into his Complaint at least fifteen months after he developed it.

The Plaintiff asserts that good cause exists because the Defendants will not be prejudiced and because there will be no delay in these proceedings. 2021 Mot. to Amend 6. This puts the cart before the horse. The primary inquiry in evaluating good cause is assessing the diligence of the Plaintiff, and that diligence was lacking here.

## CONCLUSION

For the reasons stated above, the Court **DENIES** the Plaintiff's Second Motion for Leave to File Third Amended Complaint.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 21st day of April, 2021.